UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KAREN CAHAIL and RACHEL CAHAIL,

        Plaintiffs,

v.

UNITED STATES OF AMERICA, *et al.*,

        Defendants.

Case No. 25-1016-JWB-BGS

## MEMORANDUM AND ORDER

This matter comes before the Court on various motions filed by *pro se*[1] Plaintiffs Karen Cahail and/or Rachel Cahail (hereinafter "Plaintiffs"):

- two motions for recusal of Magistrate Judge Brooks Severson (Docs. 32 and 39)
- renewed motions to appoint counsel (Docs. 33, 37)[2]
- two motions for leave to amend the Complaint (Docs. 35, 38), and
- another motion to consolidate (Doc. 37)[3].

The Court has reviewed Plaintiffs' submissions. For the reasons stated herein, the Court **DENIES** Plaintiffs' motions for recusal (Doc. 32, 39), **DENIES** the requests for counsel (Docs. 33 and 37), **DENIES** the requests for leave to amend the Complaint (Docs. 35, 38), and **DENIES** the motion to consolidate (Doc. 37).

---

[1] Plaintiffs proceed *pro se*. The Court construes their filings liberally and holds them to a less stringent standard than trained lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the Court does not assume the role of advocate for the *pro se* litigant. *Hall*, 935 F.2d at 1110.

[2] Plaintiff Karen Cahail also filed a "correction to request for counsel" (Doc. 34), which will be considered by the Court.

[3] As indicated above, there are two motions contained in Doc. 37 – a motion to appoint counsel and a motion to consolidate. These motions are actually included in Plaintiffs' objection to the undersigned Magistrate's Report & Recommendation of Dismissal. The objection and motions, though included in one document, have been included on the Court's docket twice – once for the objection (Doc. 36) and once as the motions (Doc. 37). Plaintiffs' objection to the Report & Recommendation will be addressed by the District Court under separate Order.

1

I.  **Factual Background.**

Plaintiffs filed this lawsuit on January 27, 2025, alleging claims resulting from death of Galen Cahail ("Decedent"), the adult son of Plaintiff Karen Cahail and brother of Plaintiff Rachel Cahail. (Doc. 1.) The lawsuit ostensibly alleges violations of Plaintiffs' civil and Constitutional rights under color of law as well as various tort claims, all based on the death of Decedent. (See Doc. 1, Doc. 14, Doc. 25, at 2.)

A.  **Procedural History.**

The original Complaint was screened by the undersigned Magistrate Judge who recommended dismissal for failure to comply with Fed. R. Civ. P. 8(a) and failing to state a claim upon which relief may be granted. (Doc. 10.) Plaintiffs objected to that Recommendation on April 15, 2025 (Doc. 13) and filed their First Amended Complaint on May 6, 2025 (Doc. 14). This was followed by a motion to consolidate (Doc. 15) the present case with another case that was then pending – *Karen Cahail, et al. v. United States of America, et al.*, Case No. 24-1216-JWB. That motion to consolidate was found to be moot when Case No. 24-1216 was dismissed by the District Court. (*See* text Order, Doc. 26.)

Contemporaneously with that first motion to consolidate, Plaintiffs filed a request for appointment of counsel (Doc. 16) and a motion for leave to amend the Amended Complaint (Doc. 17). The request for counsel was denied because the Court found, in relevant part, that Plaintiffs had presented "no basis to distinguish [themselves] from the many other untrained individuals who represent themselves pro se on various types of claims in courts throughout the United States on any given day." (Doc. 20-1.) The Court did, however, grant Plaintiffs' motion for leave to amend the Amended Complaint (Doc. 17) by text Order dated June 5, 2025, because the case remained in its early stages as well as the then-pending screening of Plaintiffs' prior Complaint by the District Court (Doc. 24). This resulted in the court clerk filing the Second Amended Complaint (Doc. 25),

which is the currently operative pleading in this case ("operative Complaint").

The undersigned Magistrate Judge has, however, screened the operative Complaint and has again recommended to the District Court that it be dismissed for failure to comply with Rule 8(a) and failure to state a claim upon which relief may be granted. (*See generally* Doc. 31.) Plaintiffs subsequently objected to that recommendation (Doc. 36) and filed these currently pending motions (Docs 32, 33, 25, 37, 38).

### B. Substance of Plaintiffs' Claims.

As mentioned above, the claims in the operative Complaint appear to be factually based on the death of Decedent Galen Cahail. (*See generally* Docs. 1, 14, and 25.) Plaintiffs assert that Karen Cahail is the administrator of the estate of Galen Cahail. (Doc. 1, at 8.) While the operative Complaint does not specifically identify Rachel Cahail's relationship to Decedent (*see* Doc. 25, at 2, 9), the Court will take judicial notice of the fact that she has previously been identified as "the Sister and co-heir of the estate of Galen Cahail." (*See* Doc. 1, at 5.) Plaintiffs name the following Defendants: the United States of America, Leland Dudek as "legal representative for Social Security Administration (SSA) as acting commissioner of SSA," Administrative Law Judge Michael R. Dayton ("both personally and in his official capacity"), "disability determination services examiner" Tony Esparza ("both personally and in his official capacity"), Dr. David Braverman ("both personally and in his official capacity"), Dr. Leif Leaf ("both personally and in his official capacity"), Ascension Via Christi St. Francis Hospital, and Administrative Law Judge David Page ("both personally and in his official capacity"). (*Id.*, at 9.)

The operative Complaint, like the prior iterations, is again a rambling collection of 41 largely incoherent pages, consisting of forms filled out by hand, typewritten passages (often consisting of lists of dates with no factual support), a January 3, 2023, letter from the Social Security Administration ("SSA"), and various government handouts. (*See generally id.*) Plaintiffs mention

3

various "Constitutional Challenges," consisting of complaints regarding a form from the SSA and the alleged denial of "disability benefits because they're not following the recommended treatment." (*Id.*, at 11-12.) Plaintiffs enumerate various Social Security "laws and regulations" that have allegedly been violated by one or more of the Defendants. (*Id.*, at 12.) Plaintiffs also allege "negligence, abuse, and discrimination by the Social Security Administration (SSA) that directly resulted in the wrongful death" of the decedent as well as "malpractice of the doctors involved, abuse of power, abuse of discretion, discrimination, and supervised violations." (*Id.*, at 12.) Plaintiffs contend they have exhausted their administrative remedies under the Federal Tort Claims Act and the Social Security Act, leading them to seek "relief in federal court under the federal tort claim act and under 42 U.S.C 405(g)." (*Id.*, at 12-13.)

As stated above, the undersigned Magistrate Judge has recommended dismissal of the operative Complaint for failure to comply with Fed. R. Civ. P. 8(a) and failure to state a claim upon which relief may be granted. (Doc. 31, at 11.) Plaintiffs have objected to the recommendation (Doc. 36), which remains pending before the District Court.

## II.     Legal Analysis.

### A.     Motions to Recuse (Doc. 32 and 39).

In the first pending motion, Plaintiffs "respectfully – but unequivocally – demand" that the undersigned Magistrate Judge be recused from further presiding over this case. (Doc. 32, at 1.) Plaintiffs contend that "[t]he integrity of these proceedings is no longer a theatrical concern. It is a lived reality eroded by repeated procedural irregularities, systemic disregard, and decisions that reflect entrenched bias rather than impartial justice." (*Id.*)

The second motion is entitled "Notice of Nonconsent to Order Reassigning Case to Magistrate Brooks G. Severson for All Further Proceedings and Request that [S]he Recuse [Her]self from any Further Involvement in this Matter." (Doc. 39.) Therein, Plaintiff Karen Cahail expresses

4

frustration that she did not consent to the assignment of the undersigned Magistrate Judge to this case and expresses confusion as to the impact on her demand for a jury trial. (*Id.*, at 1.)

As an initial matter, the Court will address Plaintiffs' confusion regarding the assignment of the undersigned Magistrate Judge to this case. In the District of Kansas, each case that is filed has an assigned District Judge and an assigned Magistrate Judge.[4] These judges perform different functions and duties in the case. Magistrate Judge functions in civil cases are outlined in D. Kan. Rule 72.1.2(b). Pursuant to that Rule,

> The clerk of the court will assign civil cases to a magistrate judge … , [who will oversee] the issuance of a scheduling order, and such other pretrial conferences as are necessary and appropriate, and for the hearing and determination of all pretrial, procedural, and discovery motions.

*Id.* The Rule continues that *if all parties to the lawsuit consent*, a Magistrate Judge can also preside over the trial of the matter and other dispositive issues. *Id.* This does not waive a party's right to a trial by jury. It simply means that, if all parties so agree, a Magistrate Judge rather than a District Judge will preside over the jury trial. There is no impact on Plaintiffs' jury trial demand absent their consent, which clearly has not occurred, as well as the consent of the Defendants. This case remains to be tried to a jury before a District Judge, should Plaintiffs' claims survive the screening process and/or any dispositive motions potentially filed by Defendants.

The Court thus turns its attention to Plaintiffs' request that the undersigned recuse from this case. The decision to recuse is committed to the sound discretion of the trial court. *Hinman v. Rogers*, 831 F.2d 937, 938 (10th Cir. 1987). Recusal is appropriate when a judge's impartiality may be reasonably questioned. *See, e.g.*, 28 U.S.C. § 455; *see also* Hinman, 831 F.2d at 938. There are two statutes that govern judicial recusal, 28 U.S.C. §§ 144 and 455. *See also Burleson v. Sprint PCS Grp.*, 123

---

[4] The Magistrate Judge originally assigned to this case was Magistrate Judge Gwynne Birzer. (See Notice of Judge Assignment, 1/28/25.) The next day, after Judge Birzer asked to recused from the case, the case was assigned to the undersigned Magistrate Judge. (See Doc. 6, 1/29/2025 Order Reassigning Case.)

5

F. App'x 957, 959 (10th Cir. 2005). Under 28 U.S.C. § 144, the moving party must submit an affidavit showing bias and prejudice.[5] *Id.* at 959–60 (citing *Glass v. Pfeffer*, 849 F.2d 1261, 1267 (10th Cir. 1988)). The bias and prejudice must be personal, extrajudicial, and identified by "'facts of time, place, persons, occasions, and circumstances.'" *Id.* at 960 (quoting *Hinman*, 831 F.2d at 937, 939). These facts will be accepted as true, but they must be more than conclusions, rumors, beliefs, and opinions. *Id.*

Under 28 U.S.C. § 455, a judge must disqualify herself "in any proceeding in which [her] impartiality might reasonably be questioned," or "[w]here [s]he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding[.]" 28 U.S.C. § 455(a) & (b)(1). The test for determining impartiality is an objective one, based on a judge's "outward manifestations and reasonable inferences drawn therefrom." *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995) (citation omitted).

Here, Plaintiffs have not established a valid basis for recusal. Plaintiffs present several misgivings with the case, but none warrant the recusal of the undersigned. Plaintiffs complain that the undersigned has "instructed the clerks not to serve the defendants, citing a pending review." (Doc. 32, at 2.) This is, however, the appropriate procedure under such circumstances – if the case does not survive the pending screening process by the District Court, it will be dismissed and there will be no need for Defendants to be served. This is not a valid basis for the undersigned to recuse.

Plaintiffs also argue that the "problem" with the case "is that the court has refused to meaningfully acknowledge its complexity, or the barriers [Plaintiff Karen Cahail] face[s] as a grieving mother without legal training, resources, or representation." (Doc. 32, at 2.) Plaintiffs continue that rather than appoint counsel for them, the undersigned acted as a "gatekeeper, determined to prevent

---

[5] The Court notes that Plaintiffs have not submitted the requisite affidavit. Rather than deny the motion on such technical grounds, the Court will consider the motion – signed by Plaintiff Karen Cahail – to satisfy the affidavit requirement.

the case from ever being heard." (*Id.*)  Plaintiffs also argue that the undersigned has no "interest in the merits of the case" and exhibited "systemic indifference, discrimination, and disregard that brought us here in the first place." (*Id.*, at 2-3.)

While the Court sympathizes with Plaintiffs' request for counsel, the Court previously provided a well-reasoned analysis as to why counsel would not be appointed.  (*See* Doc. 21.)  The Court considered Plaintiffs' circumstances but found that the appointment of counsel was not warranted.  The merits of that motion have already been litigated.  Rather than include the Court's analysis of the appointment of counsel, the Court incorporates by reference its Order denying Plaintiffs' prior request for counsel (*see id.*) as well as the analysis contained on Section B, *infra*.  Simply stated, "[d]isagreeing with a party is not a basis for recusal." *Micheaux v. American Credit Acceptance*, No. 24-1102-DDC-BGS, 2025 WL 986968, *2 (D. Kan. April 2, 2025).

After considering the arguments presented by Plaintiffs, the Court concludes that recusal from this case is not appropriate.  The instances of alleged bias or prejudice by the undersigned Magistrate Judge arise from Plaintiffs' confusion or perception of unfavorable rulings.  However, as discussed above, none of those rulings bring the undersigned's impartiality into question.  Plaintiffs' motions for recusal of the undersigned Magistrate Judge (Doc. 32 and 39) are **DENIED.**

    **B.**    **Renewed Motion to Appoint Counsel (Docs. 33 and 37).**

As an initial matter, Plaintiffs previously filed a motion to appoint counsel (Doc. 16) which was denied by the undersigned (Doc. 20-1).  As such, these motions, taken together, should be construed as a motion for reconsideration of the Court's prior Order pursuant to D. Kan. Rule 7.3.  That Rule states, in relevant part, that a party seeking reconsideration of a court order "must file a motion within 14 days after the order is served unless the court extends the time."  Plaintiffs did not file their motion within this allotted time.  Because Plaintiffs are representing themselves *pro se*, however, the Court will extend the deadline to have filed a motion to reconsider and will analyze

the substance of their motion.[6]

Rule 7.3 also states that motions to reconsider "must be based on: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice." Because Plaintiffs have presented no argument as to a change in the controlling law and have not presented new evidence to support their argument, the Court will analyze their motion on whether the Court's prior Order causes the "need to correct clear error or prevent manifest injustice."

In the first of Plaintiffs' two new motions seeking appointment of counsel, Plaintiff Karen Cahail contends that she is "a grieving mother with the weight of [her] son's wrongful heavy on [her] shoulders." (Doc. 33, at 1.) She continues that she has "no resources, no representation, no experience and the decision makers who are responsible for [her] son's death are still in those decision-making positions." (*Id.*) In their second new motion, Plaintiffs argue that the undersigned "failed to appoint counsel despite the difficulties [s]he witnessed in [Plaintiffs'] ability to effectively bring these claims with no experience, no resources and no representation even though we met all the requirements to appoint counsel citing the fact that [Plaintiffs] should be able to effectively bring these claims without counsel." (Doc. 37, at 2.)

As discussed in the Court's prior Order denying Plaintiffs' first request for counsel, there is no constitutional right to have counsel appointed in civil cases such as this one. *Beaudry v. Corr. Corp. of Am.*, 331 F.3d 1164, 1169 (10th Cir. 2003). "[A] district court has discretion to request counsel to represent an indigent party in a civil case" pursuant to 28 U.S.C. § 1915(e)(1). *Commodity Futures Trading Comm'n v. Brockbank*, 316 F. App'x 707, 712 (10th Cir. 2008). The decision whether to appoint counsel "is left to the sound discretion of the district court." *Lyons v. Kyner*, 367 F. App'x 878, n.9 (10th Cir. 2010) (citation omitted).

---

[6] Going forward, the Court will require any motion to reconsider a prior Order to comply with D. Kan. Rule 7.3.

The Tenth Circuit has identified four factors to be considered when a court is deciding whether to appoint counsel for an individual: (1) plaintiff's ability to afford counsel, (2) plaintiff's diligence in searching for counsel, (3) the merits of plaintiff's case, and (4) plaintiff's capacity to prepare and present the case without the aid of counsel. *McCarthy v. Weinberg*, 753 F.2d 836, 838-39 (10th Cir. 1985) (listing factors applicable to applications under the IFP statute); *Castner v. Colorado Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992). Thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments. The indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time. *Castner*, 979 F.2d at 1421.

As with the prior motion, Plaintiffs have established they cannot afford counsel and have made diligent efforts to obtain counsel. (*See* Doc. 20-1, at 2.) The final two *Castner* factors, however, clearly weigh against the appointment of counsel.

As indicated in the undersigned's pending Report & Recommendation of Dismissal, there are serious concerns as to the viability of Plaintiffs' claims in federal court. (*See generally* Doc. 31.) When the merits of *pro se* litigants' claims remain "uncertain," it would be "premature to find the complaint to have such merit as to warrant appointment of an attorney … ." *Cox v. LNU*, 924 F. Supp. 2d 1269, 1280 (D. Kan. 2013).

Further, the Court again finds the final Castner factor to be determinative – Plaintiffs' capacity to prepare and present their case without the aid of counsel. *Castner*, 979 F.2d at 1420-21. In considering this factor, the Court must look to the complexity of the legal issues and Plaintiffs' ability to gather and present crucial facts. *Id.* at 1422. The Court understands that Plaintiffs believe they have meritorious claims and deserve an attorney to represent them. This, by itself, however, is not a basis for the Court to appoint an attorney. While the Court does not doubt that a trained

9

attorney would handle the matter more effectively, the Court sees no basis to distinguish Plaintiffs from the many other untrained individuals who represent themselves pro se on various types of claims in courts throughout the United States on any given day.  In other words, although Plaintiffs are not trained as attorneys, this alone also does not warrant appointment of counsel.

While the Court sympathizes with Plaintiffs' concerns as to the complexity of their case, the fact remains that Plaintiffs' case is not unusually complex in comparison to litigants who represent themselves *pro se* in federal cases on a regular basis.  *See e.g. Cox*, 924 F. Supp. 2d 1269 (denying the appointment of counsel in a case alleging §1983 claims for violation of right to medical care as pretrial detainee under the 14th Amendment, deliberate indifference in rejecting a medical request, official custom or policy permitting denial of medical request, and related state tort claims).

The Court is also sympathetic as to the grief both Plaintiffs are experiencing at the death of the Decedent.  Grief is not, however, a basis to appoint an attorney in a civil case.  Plaintiffs' renewed request for counsel (Doc. 33) is **DENIED**.

### C.     Motions for Leave to Amend Complaint (Docs. 35, 38).

As an initial matter, the Court notes that Plaintiffs' pending motions to amend (Docs. 35 and 38) do not comply with D. Kan. Rule 15.1(a) which requires that a motion to amend include "a concise statement of the amendment" while also requiring that the proposed amended pleading be included as an attachment.  Absent inclusion of the proposed Amendment and/or a concise statement of the amendment sought, the Court cannot determine whether Plaintiffs' request is meritorious.  While these motions could be denied on this basis alone, the Court will address them substantively.

The first of Plaintiffs' two new motions to amend basically rehashes Plaintiffs' request for counsel, indicating they "still do not have it [the operative Complaint] right apparently" while contending it would be in "everyone's best interest if counsel were appointed to save us all a lot of

10

time." (Doc. 35, at 1.) Plaintiffs continue that "if there is some fatal error we will need to amend the complaint." (*Id.*)

The second of Plaintiffs' pending motions to amend is titled "Request to Speak to All Those Who Read My Motions Like a Human Being." (Doc. 38.) Therein, Plaintiff Karen Cahail gives a personal plea to the undersigned as a "human being" to allow Plaintiffs to again attempt to amend the operative Complaint. (*Id.*, at 1.)

The Court reiterates sympathy as to the grief Plaintiffs are suffering. The Courts is also sympathetic as to their frustrations regarding their attempts to file a viable federal court Complaint relating to the complained of events.

As discussed above, however, since this case was filed, Plaintiffs amended their Complaint on May 6, 2025 (Doc. 14) and subsequently moved for leave to amend the Amended Complaint on May 21, 2025 (Doc. 17), which was granted by the undersigned Magistrate Judge (*see* Docs. 24 and 25). Thus, Plaintiffs are currently on their third Complaint.

As a general rule, the Tenth Circuit and courts in this District frown upon the serial amendment of pleadings. *See Cheatham v. Dedeke*, No. 22-3132-TC-ADM, 2024 WL 4707948, *2 (D. Kan. Nov. 7, 2024); *see also Shed v. Oklahoma Dept. of Human Services*, 729 Fed. Appx. 653, 658 (10th Cir. 2018) (holding that denial of a request to amend was not an abuse of discretion when District Court held that " '[t]he purpose of motion practice under Rule 12(b)(6) ... is not for the court to 'identify' pleading deficiencies as to each defendant, with such deficiencies to be 'corrected' by serial amendments.' ").

Plaintiffs have previously been allowed the requested leave to amend to no avail. Neither of Plaintiffs' motions establish a good faith legal basis to allow them to amend their Complaint for what would result in their fourth Complaint. Additionally, because of the absence of a concise statement of the amendment or the attachment of the proposed pleading, Plaintiffs' motions wholly

11

fail to indicate how any proposed amendment would resolve the issues with the operative Complaint. *See* D. Kan. Rule 15.1(a). The Court **DENIES without prejudice** Plaintiffs' request for leave to amend pending.[7]

### D. Motion to Consolidate (Doc. 37).

Finally, Plaintiffs move to consolidate the present action with another case pending in the District of Kansas – *Karen Cahail v. Frank Bisignano, Commissioner of the Social Security Administration, et al.*, Case No. 25-1152-JWB-GEB. The issue of consolidation is governed by Fed. R. Civ. P. 42(a), which provides:

> If actions before the court involve a common question of law or fact, the court may:
>
> > (1) join for hearing or trial any or all matters at issue in the actions;
> >
> > (2) consolidate the actions; or
> >
> > (3) issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 41(a).

"The decision whether to consolidate is left to the sound discretion of the trial court." *Schone v. Automobile Club Inter-Ins. Exch.*, No. 14-2156-KGS, 2014 WL 11485716, *1 (D. Kan. July 31, 2014) (citation omitted). In making this determination, a court should consider whether consolidation best serves the interests of judicial economy, generally weighing "the saving of time and effort that consolidation would produce against any inconvenience, delay, or expense that consolidation would case." *Id.* "Courts also consider (1) whether the relief sought varies substantially between the two actions; (2) whether defendants are being sued in different capacities;

---

[7] That stated, Plaintiffs' objection (Doc. 36) to the undersigned Magistrate Judge's recommendation of dismissal (Doc. 31) remains pending before the District Court. While the undersigned does not know how the District Court will resolve Plaintiffs' objection, it is possible that the District Court may determine that an attempted amendment from Plaintiffs would be appropriate. This will, however, be a decision for the District Court.

and (3) what would be gained by consolidation and what injury would be suffered by failure to consolidate." *Sprint Commc'ns, L.P. v. Cox Commc'ns, Inc.*, No. 11-2683-JAR-KMH, 2012 WL 1825222, at *1 (D. Kan. May 18, 2012) (citation omitted). "The party requesting consolidation bears the burden of showing that the balance weighs in favor of consolidation." *Id.* (citations omitted).

In the case for which Plaintiffs seek consolidation, Karen Cahail is the only named Plaintiff; Rachael Cahail is not included. (*See* Case No. 25-1152.) Further, the only overlap in the multiple Defendants in each case would arguably be the Social Security Administration Commissioner, although in the present case, Michelle King is named as the "acting Commissioner" while in the other case, Frank Bisignano is named as "Commissioner." (Compare Case No. 25-1016 to Case No. 25-1152.)

In Case No. 25-1152, Plaintiff Karen Cahail alleges that Defendants "deprived [her] of [her] property without due process of law by taking money out of [her] check for invalid overpayments … ." (Case No. 25-1152-JWB-GEB, Doc. 1, at 3.) While this case includes certain allegations from Plaintiff regarding her mental health following the death of Decedent, the Court does not find that the cases are sufficiently related in law or in fact so as to warrant consolidation. The interests of judicial economy would not be served by consolidation and the relief sought varies substantially between the two actions. As such, Plaintiffs' request to consolidate (Doc. 37) is **DENIED**.

**IT IS THEREFORE ORDERED** that Plaintiffs' motions to recuse (Docs. 32 and 39) are **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiffs' renewed motions to appoint counsel (Docs. 33 and 37) are **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiffs' two new motions for leave to amend the Complaint (Docs. 35 and 38) are **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' motion to consolidate (Doc. 37) is

**DENIED**.

    **IT IS SO ORDERED.**

Dated July 23, 2025, at Wichita, Kansas.

/s/Brooks G. Severson
Brooks G. Severson
United States Magistrate Judge