## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

KAREN CAHAIL and RACHEL CAHAIL,

     Plaintiffs,

     v.

                                Case No. 25-1016-JWB-BGS

UNITED STATES OF AMERICA, *et al.*,

     Defendants.

## ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

Per Plaintiffs' Second Amended Complaint, this case alleges "civil rights violations and discrimination against Galen Cahail," deceased.[1]  (Doc. 25.)  The decedent was the son of Plaintiff Karen Cahail and brother of Plaintiff Rachel Cahail.

This matter comes before the Court on Plaintiffs' fifth motion requesting the appointment of counsel.  (Doc. 47.)  Plaintiffs previously requested counsel in Docs. 16, 33, 35, and 37, all of which have been denied by the undersigned Magistrate Judge (Docs. 20, 42).  Plaintiffs currently have multiple objections to Orders from the undersigned denying the appointment of counsel pending before the District Court.  (Docs. 36, 41, 45, 48.)  Having reviewed Plaintiffs' motion, the Court **DENIES** their request for counsel.

---

[1] Plaintiffs' Second Amended Complaint (Doc. 25) is the subject of a Report & Recommendation of Dismissal by the undersigned Magistrate Judge, and remains pending before the District Court on Plaintiffs' objection. (Doc. 31.)  In that Report & Recommendation, the undersigned Magistrate Judge found the operative Complaint fails to comply with Fed. R. Civ. P. 8(a) and fails to state a claim upon which relief may be granted. (*See generally* Doc. 31.)  Rather than repeat its concerns regarding the operative Complaint herein, the Court incorporates the analysis contained in its Report & Recommendation. (Id., at 4-11.)  When the merits of *pro se* litigants' claims remain "uncertain," it would be "premature to find the complaint to have such merit as to warrant appointment of an attorney … ." *Cox v. LNU*, 924 F. Supp. 2d 1269, 1280 (D. Kan. 2013).  That stated, the Court will address Plaintiffs' motion on its substantive merits.

## ANALYSIS

As the Court has explained to Plaintiffs numerous times, there is no constitutional right to have counsel appointed in civil cases such as this one. *Beaudry v. Corr. Corp. of Am.*, 331 F.3d 1164, 1169 (10th Cir. 2003). "[A] district court has discretion to request counsel to represent an indigent party in a civil case" pursuant to 28 U.S.C. § 1915(e)(1). *Commodity Futures Trading Comm'n v. Brockbank*, 316 F. App'x 707, 712 (10th Cir. 2008). The decision whether to appoint counsel "is left to the sound discretion of the district court." *Lyons v. Kyner*, 367 F. App'x 878, n.9 (10th Cir. 2010) (citation omitted).

Also, as it did in ruling on Plaintiffs' two most recent requests for counsel, the Court will construe Plaintiffs' current motion for request for counsel as a motion for reconsideration of the Court's prior Orders denying Plaintiffs' requests for counsel pursuant to D. Kan. Rule 7.3. (*See* Doc. 42, at 7-8.) That Rule states, in relevant part, that a party seeking reconsideration of a court order "must file a motion within 14 days after the order is served unless the court extends the time." Plaintiffs did not file their motion within this allotted time as the Court's most recent Order denying the request for counsel was entered on July 23, 2025, making any request to reconsider due on or before August 6, 2025. The present motion was not filed until August 8, 2025. (Doc. 47.) Again, however, because Plaintiffs are representing themselves *pro se*, the Court will extend the deadline to have filed a motion to reconsider and will analyze the substance of their motion.

Rule 7.3 continues that "[a] motion to reconsider must be based on: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice. Plaintiffs have cited no intervening change in controlling law. Thus, the first basis for a motion to reconsider is inapplicable.

Plaintiffs do argue that, without the appointment of counsel, "there will be manifest injustice … ." (Doc. 47, at 1.) As the Court has clearly and deliberately explained its reasons for denying

Plaintiffs' prior requests for counsel, the Court finds there is no "clear error" or "manifest injustice" to Plaintiffs.

In the current motion, Plaintiffs rehash their previously-stated concerns as to the complexity of their claims. As it did in denying their two most recent requests for counsel, the Court again sympathizes with Plaintiffs' concerns as to the complexity of their case. (Doc. 42, at 10.) The fact remains, however, that Plaintiffs' case is not unusually complex in comparison to litigants who represent themselves *pro se* in federal cases on a regular basis. *See e.g. Cox*, 924 F. Supp. 2d 1269 (denying the appointment of counsel in a case alleging §1983 claims for violation of right to medical care as pretrial detainee under the 14th Amendment, deliberate indifference in rejecting a medical request, official custom or policy permitting denial of medical request, and related state tort claims); *McLain v. Sedgwick Co. Sheriff's Office*, No. 25-4036-JWB-BGS, 2025 WL 1696525, at *2-3 (D. Kan. June 17, 2025) (denying the appointment of counsel in a case wherein the *pro se* plaintiffs contend there were "complex federal civil rights claims involving multiple government entities, systematic violations of constitutional and statutory rights, and an alleged pattern of racketeering activity designed to suppress Plaintiffs' federally protected rights under the ADA and Fair Housing Act").

The Court reiterates that it understands Plaintiffs believe they have meritorious claims and deserve an attorney to represent them. This, by itself, however, is not a basis for the Court to appoint an attorney. Merely alleging that counsel could assist in presenting the "strongest possible case" does not justify granting such a motion. *Lane v. Brewer*, No. 07-3225-JAR, 2008 WL 3271921, at *2 (D. Kan. Aug. 7, 2008). While the Court does not doubt that a trained attorney would handle the matter more effectively, the Court sees no basis to distinguish Plaintiffs from the many other untrained individuals who represent themselves *pro se* on various types of claims in courts throughout the United States on any given day. In other words, although Plaintiffs are not trained as attorneys, this alone also does not warrant appointment of counsel. The Court also notes that

3

Plaintiff Karen Cahail is currently representing herself in three other cases in this District:  Case No. 24-1216-JWB, 24-1227-JWB-BGS, and 25-1152-JWB-GEB.  Simply stated, there is no manifest injustice to Plaintiffs from the denial of their request for counsel.

The remaining basis on which to grant a motion to reconsider is the availability of new evidence.  D. Kan. Rule 7.3.  Plaintiff Karen Cahail argues that the "symptoms of severe chronic PTSD," or posttraumatic stress disorder, that she suffers constitute "new evidence" in support of their request for counsel.  (Doc. 47, at 2.)  She continues that the symptoms of PTSD

> undermine legal self-advocacy due to cognitive impairments such as memory disruptions, concentration issues, executive dysfunction. There are also emotional and psychological barriers such as avoidance and dissociation, flashbacks and hyperarousal, and low self-worth and hopelessness. … There are communication challenges such as difficulty articulating facts because PTSD can impair verbal fluency and emotional regulation making testimony fragmented or overly emotional. There is procedural vulnerability. PTSD related disorganization can lead to procedural defaults due to inability to respond to motions and objections because of the legal language and adversarial tactics especially without legal training.

(*Id.*)

Plaintiffs' motion, however, makes no mention of any such infirmity or condition suffered by Plaintiff Rachel Cahail.  *See McLain*, 2025 WL 1696525, at *2-3 (D. Kan. June 17, 2025) (denying request for counsel from plaintiff who alleges he suffered from PTSD where there were no such allegations regarding his co-plaintiff, case was not unusually complex, and the plaintiff requesting counsel had exhibited ability to articulate his positions in previous filings).  Further, courts in this District have frequently held that allegations of PTSD are not a sufficient basis for the appointment of counsel.  *Buffalohead v. Cook*, NO. 24-3035-JWL, 2024 WL 4286245 (Sept. 25, 2024); *George v. Payne-Delano*, No. 24-2132-JWL, 2024 WL 3826124 (D. Kan. Aug 14, 2024); *Sheilds v. Cline*, No. 20-3077-SAC, 2020 WL 2557852 (May 20, 2020).  As such, Plaintiffs' Motion for Appointment of Counsel (Doc. 16) is **DENIED**.

**IT IS THEREFORE ORDERED** that Plaintiffs' request for counsel (Doc. 47) is

**DENIED** for the reasons set forth above.  The Court will deny further requests for counsel via text

Order absent Plaintiffs establishing a significant change in circumstances.

**IT IS SO ORDERED.**

Dated August 12, 2025, at Wichita, Kansas.

/s/ Brooks G. Severson
Brooks G. Severson
United States Magistrate Judge

5