UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KAREN CAHAIL and RACHEL CAHAIL,

    Plaintiffs,

v.

UNITED STATES OF AMERICA, *et al.*,

    Defendants.

Case No. 25-1016-JWB-BGS

## MEMORANDUM AND ORDER

This matter comes before the Court on the "Request for a Stay" (Doc. 52) and "Motion for Leave to Amend" (Doc. 53) *pro se*[1] Plaintiffs Karen Cahail and/or Rachel Cahail (hereinafter "Plaintiffs"). The Court has reviewed Plaintiffs' submissions. For the reasons stated herein, the Court **DENIES** Plaintiffs' request for a stay[2] (Doc. 52) and **DENIES** the request for leave to amend the Complaint (Doc. 53).

The Court has summarized the factual background, procedural history of this case, and substance of Plaintiffs' claims in numerous prior Orders, most recently in its Memorandum and Order of July 23, 2025. (*See* Doc. 42, at 2-4.) This background information will not be repeated herein but is instead incorporated by reference.

## LEGAL ANALYSIS

**A.    Motion to Stay (Doc. 52).**

In the first pending motion, Plaintiff Karen Cahail mentions her contemporaneously filed motion to amend the Complaint and indicates she is requesting a stay of this case "because [co-

---

[1] Plaintiffs proceed *pro se*. The Court construes their filings liberally and holds them to a less stringent standard than trained lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court does not, however, assume the role of advocate for the *pro se* litigant. *Hall*, 935 F.2d at 1110.
[2] This filing was docketed as a "Motion for Order" by the court clerk. (Doc. 52.)

1

Plaintiff] Rachel [Cahail] has COVID-19 and so does her daughter." (Doc. 52.) Plaintiff contends that she is therefore unable to "get [Rachel's] signature for the amended complaint," so she is "requesting a stay until [Rachel] recovers, and [she] can get her signature." (*Id.*)

The decision to stay is incidental to the Court's inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North. Am. Co.*, 299 U.S. 248, 254, 57 S. Ct. 1636, 1650, 166 81 L.Ed. 153 (1936). In exercising this discretion, a court "must weigh competing interests and maintain an even balance." *Id.*, at 255. Additionally, the court may enter a stay upon a showing of good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). *See also Cont'l Ill. Nat. Bank & Tr. Co. of Chicago v. Caton*, 130 F.R.D. 145, 148 (D. Kan. 1990). Any such stay must be kept within the "bounds of moderation." *Id.* at 256.

The Court finds that Plaintiffs have not established good cause for the requested stay. First, Plaintiff Karen Cahail would not be required to interact with Plaintiff Rachel Cahail to "get her signature for the amended complaint." For example, the document could be placed on Rachel Cahail's front step or in her mailbox, retrieved by Rachel Cahail, then signed and replaced for pick up by Plaintiff Karen Cahail. The Plaintiffs would not be required to interact directly. Second, because of the current status of the case – wherein the case remains in limbo because Defendants have not yet been served with the lawsuit as the Report & Recommendation of Dismissal is pending before the District Court – there is little or nothing for the Court to actually "stay." Plaintiffs' motion (Doc. 52) is, thus, **DENIED**.

**B.    Motion for Leave to Amend Complaint (Docs. 53).**

As an initial matter, the Court notes that Plaintiffs' pending motion to amend (Doc. 53) does not comply with D. Kan. Rule 15.1(a) which requires that a motion to amend include "a concise statement of the amendment" while also requiring that the proposed amended pleading be included

2

as an attachment. Absent inclusion of the proposed Amendment and/or a concise statement of the amendment sought, the Court cannot determine whether Plaintiffs' request is meritorious. While Plaintiffs' compliance with this local rule has been previously excused (*see* Doc. 42, at 10), the Court can no longer ignore Plaintiffs' failure to adhere to the mandates of its rules. Plaintiffs' Motion (Doc. 53) is **DENIED**.

Further, and as discussed above, since this case was filed, Plaintiffs amended their Complaint on May 6, 2025 (Doc. 14) and subsequently moved for leave to amend the Amended Complaint on May 21, 2025 (Doc. 17), which was granted by the undersigned Magistrate Judge (*see* Docs. 24 and 25). Thus, Plaintiffs are currently on their third Complaint (not counting the additional requested amendments that have been denied on substantive grounds). As a general rule, the Tenth Circuit and courts in this District frown upon the serial amendment of pleadings. *See Cheatham v. Dedeke*, No. 22-3132-TC-ADM, 2024 WL 4707948, *2 (D. Kan. Nov. 7, 2024); *see also Shed v. Oklahoma Dept. of Human Services*, 729 Fed. Appx. 653, 658 (10th Cir. 2018) (holding that denial of a request to amend was not an abuse of discretion when District Court held that " '[t]he purpose of motion practice under Rule 12(b)(6) ... is not for the court to 'identify' pleading deficiencies as to each defendant, with such deficiencies to be 'corrected' by serial amendments.' ").

Plaintiffs have previously been allowed the requested leave to amend to no avail. Plaintiffs' motion fails to establish a good faith legal basis to allow them to amend their Complaint for what would result in their fourth Complaint. Additionally, because of the absence of the proposed pleading, Plaintiffs' motion wholly fails to establish that the requested amendment would resolve the issues with the operative Complaint, despite Plaintiffs' assurances that they have purchased software to make the Complaint "more concise." *See* D. Kan. Rule 15.1(a).[3]

---

[3] That stated, Plaintiffs' objection (Doc. 36) to the undersigned Magistrate Judge's recommendation of dismissal (Doc. 31) remains pending before the District Court. While the undersigned does not know how the District Court will resolve Plaintiffs' objection, it is possible that the District Court may determine that an attempted amendment from

**IT IS THEREFORE ORDERED** that Plaintiffs' motion to stay (Doc. 52) is **DENIED.**

**IT IS FURTHER ORDERED** Plaintiffs' motion for leave to amend the Complaint (Doc. 53) is **DENIED**.

**IT IS SO ORDERED.**

Dated September 3, 2025, at Wichita, Kansas.

/s/Brooks G. Severson
Brooks G. Severson
United States Magistrate Judge

---

Plaintiffs would be appropriate.  This will, however, be a decision for the District Court.