# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

KAREN CAHAIL, *individually and as administrator of the estate of* GALEN CAHAIL, *deceased, et al.,*

    Plaintiffs,

    v.

UNITED STATES OF AMERICA, *et al.,*

    Defendants.

Case No. 25-1016-JWB-BGS

## ORDER DENYING PLAINTIFFS' MOTION FOR ORDER COMPELLING ADDRESS AND MOTION FOR PROTECTIVE ORDER

Now before the Court are two motions filed by the *pro se* Plaintiffs requesting 1) the Social Security Administration "be directed to supply the court clerks with [Defendant] Michael R Dayton's last known address for service of service [sic] will not be made to him through them" (Doc. 65) and 2) "protection of some kind and a whistleblower coordinator person or information on how to get one" (Doc. 66, sealed). For the reasons set forth herein, Plaintiffs' motions (Docs. 65 and 66, sealed) are **DENIED**.

## FACTUAL BACKGROUND

On January 27, 2025, Plaintiffs Karen Cahail and Rachel Cahail filed this action *pro se*, ostensibly alleged violations of their civil and Constitutional rights by various Defendants under color of law as well as causes of action for "Malpractice, Abuse of Power, Abuse of Discretion, Discrimination, Civil Rights violations, Negligence, Wrongful Death, Mistreatment of a dependent adult," their relative Galen Cahail.[1] (*See* Doc. 1, at 2.) The undersigned Magistrate Judge entered a

---

[1] The Court takes notice of the fact that Galen Cahail, the deceased, was the adult son of Plaintiff Karen Cahail and brother of Plaintiff Rachel Cahail.

Report & Recommendation of Dismissal identifying numerous, significant concerns with Plaintiffs' pleading and recommending dismissal based on Plaintiffs' failure to comply with Fed. R. Civ. P. 8(a). (Doc. 10.)

This resulted in Plaintiffs filing an Amended Complaint (Doc. 14), followed by a Motion to Amend the Amended Complaint (Doc. 17), which the undersigned granted on June 5, 2025 (Doc. 24, text Order). The Clerk subsequently filed Plaintiffs' Second Amended Complaint (Doc. 25), which lead to another recommendation of dismissal from the undersigned for failure to comply with Fed. R. Civ. P. 8(a) and failure to state a claim upon which relief may be granted. (Doc. 31.)

Plaintiff's next motion to amend the Complaint (Doc. 55) was granted (Doc. 56, 9/22/25 text Order), which led to Plaintiffs filing their Third Amended Complaint (Doc. 57, the "operative pleading"). As stated above, the undersigned ultimately found that the operative pleading passed initial screening and should be served on Defendants (*see* Doc. 58, 10/16/25 text Order). The operative pleading specifically names the following eight individuals and entities as Defendants: the United States of America, the Social Security Administration (hereinafter "SSA"), Frank Bisignano as Commissioner of the SSA, Michael R. Dayton as Administrative Law Judge for the SSA, Tony Esparza as a "Disability Determination Examiner" for the SSA, David Braverman as a "Medical Consultant" for the SSA, Leif Leaf as a "Psychologist Consultant" for the SSA, and Ascension Via Christi St. Francis Hospital (hereinafter collectively referred to as the "eight listed Defendants"). (*See* Doc. 57.)

Plaintiffs were given until October 31, 2025, to provide the Clerk of Court with addresses at which each of the Defendants may be served. (*Id.*) On that date, Plaintiffs filed a document that provides addresses for the eight listed Defendants as well as names and addresses of numerous parties that are not specifically included or identified in the operative pleading. (Doc. 59.) In this list, the address for Defendant Michael R. Dayton is stated as "Office of Hearing Operations,

Wichita Division, 3207 N Cypress St., Wichita, KS 67206." (*Id.*, at 4.)  A summons has been issued

as to Defendant Michael R. Dayton and a "Notice, Consent, and Reference of a Civil Action to a

Magistrate Judge Form" has been provided by the Clerk to Marshal for service with complaint.  As

of the filing of this Order, however, no return of service has been filed as to Defendant Dayton (or

the other named Defendants).

## ANALYSIS

A.    **Motion for Discovery from the Social Security Administration (Doc. 65).**

In the first pending motion, Plaintiffs ask that named Defendant Social Security

Administration be "directed to supply the court clerks with Michael R Dayton's last known address

for service of service [sic] will not be made to him through them." (Doc. 65, at 1.)  Plaintiffs

contend that the Social Security Administration "will not give [them] ANY information without a

court order" and that it "has this information to be able to supply his last known or forwarding

address to the court if service will not be made through them." (*Id.*, at 2.)  The Court thus considers

Plaintiffs' motion to be a request for expedited discovery from Defendant Social Security

Administration.  The Court will not, however, Order the relief Plaintiffs have requested.

Federal Rule of Civil Procedure  26(d), "dictates a 'party may not seek discovery from any

source before the parties have conferred as required by Rule 26(f),' except in special circumstances

… ." *Lawson v. Godderz*, No. 25-1179-JWB-TJJ, 2025 WL 3043131, at *1 (D. Kan. Oct. 31, 2025).

Such special circumstances or exceptions to this Rule include when discovery is authorized by the

rules, stipulated to by the parties, or is permitted by court order.  *Biomin America, Inc. v. Lesaffre Yeast

Corp.*, No. 20-2109-HLT-JPO, 2020 WL 1659858, at *1 (D. Kan. April 3, 2020) (discussing Fed. R.

Civ. P. 26(d)).

Courts in this District have discretion to alter the timing and sequence of discovery,

including allowing expedited discovery before a Rule 26(f) conference, but only if the requesting

party demonstrates good cause. *Id.* (citations omitted). For example, expedited discovery may be granted in cases involving preliminary injunctions, which is then commonly limited to jurisdictional issues. *Id.* (citing *Teran v. GB Int'l. S.P.A.*, No. 11-2236, 2011 WL 5005997, at *2 (D. Kan. Oct. 20, 2011)).

Simply stated, Plaintiffs' motion fails to address any of the relevant exceptions to Fed. R. Civ. P. 26(d) or to establish the requisite good cause for the Court to order expedited discovery. Plaintiffs are free to seek this or other relevant, discoverable information from the Social Security Administration (and/or other Defendants) after Defendant Social Security Administration has been served with the lawsuit, counsel has entered and an appearance on behalf of Defendant, and all of the named parties in this case have engaged in their Rule 26 conference. Plaintiffs' motion (Doc. 65) is **DENIED**.

## B.     Motion for Protective Order (Doc. 66).

In the second pending motion, Plaintiffs contend that "as the case progresses there will be criminal charges filed." (Doc. 66, sealed, at 2.) Plaintiff Karen Cahail indicates she is "asking for some kind of a protective order for myself and access to a whistleblower coordinator type person" and indicates her belief that she is "already being retaliated against" because money has been withheld from her Social Security payments relating to previous alleged "overpayments." (*Id.*, at 3.) She also contends that her ex-husband – who is not a party to this lawsuit – did not receive his Social Security check "this month as of the last time [she] talked to him." (*Id.*)

Plaintiffs' motion (Doc. 66) is **DENIED without prejudice** for failure to specifically identify the relief she is seeking and failing to provide supporting legal authority for such requested relief. The Court is not aware of the existence of any "whistleblower coordinator type person" or any process by which the Court can appoint one. To the extent Plaintiff Karen Cahail believes she is entitled to this type of relief, she is directed to provide the Court with more clarity and specificity

as to exactly what she is seeking as well as submit legal authority – in the form of case law or a

federal law, rule, or regulation – to establish that this type of relief is available to her.

IT THEREFORE ORDERED that Plaintiffs' motions (Docs. 65 and 66, sealed) are

**DENIED** for the reasons stated herein.

**IT IS SO ORDERED.**

Dated November 18, 2025, at Wichita, Kansas.

/s/Brooks G. Severson
Brooks G. Severson
United States Magistrate Judge