IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KAREN CAHAIL, *individually and as administrator of the estate of GALEN CAHAIL, deceased, et al.*,

        Plaintiffs,

v.                                          Case No. 25-1016-JWB

UNITED STATES OF AMERICA, *et al.*,

        Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court on several objections by Plaintiffs and their corresponding appeal of Magistrate Judge Brooks G. Severson's orders denying Plaintiffs' motions and a report and recommendation ("R&R") that recommends dismissal of Plaintiffs' complaint. (Docs. 41, 45, 48[1].) The court will address each in turn. As of the date of this order, Plaintiffs have filed a third amended complaint, with the magistrate judge withdrawing her recommendation of dismissal. (Docs. 56, 57.) That complaint survived screening. (Doc. 58.)

On a dispositive matter the district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). A failure to properly object, however, leaves a party with no entitlement to appellate review, and allows the district court to review the R&R under any standard it deems appropriate. *See Williams v. United States*, No. 19-2476-JAR-JPO, 2019 WL 6167514, at *1 (D. Kan. Nov. 20, 2019) (citing

---

[1] The court notes that the objections lodged at Doc. 48 are substantively identical to those at Doc. 45. In fact, the filings are identical in every respect, except that Plaintiff has added her signature to the bottom of the filing at Doc. 48. Therefore, the court's analysis below covers the filings at both docket entries.

*United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996)) ("The Tenth Circuit requires that objections to a magistrate judge's recommended disposition 'be both timely and specific to preserve an issue for de novo review by the district court . . .'").

Because Plaintiffs are proceeding pro se, the court is to liberally construe her filings. *United States v. Pinson*, 585 F.3d 972, 975 (10th Cir. 2009). However, liberally construing filings does not mean supplying additional factual allegations or constructing a legal theory on Plaintiff's behalf. *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

Plaintiffs object to the R&R from the magistrate judge (Doc. 42), which denied Plaintiffs' motions for leave to amend their complaint, for recusal, for appointment of counsel, and for consolidation of cases. The court overrules all of these objections. In Plaintiffs' filing (Doc. 45), they spend much of their submission arguing about the recommendation of dismissal, but as explained below, that recommendation was later withdrawn. (Doc. 56.) The other objections Plaintiffs raise in the title of their filing are not argued much at all in the body of their motion. *See* (Doc. 45.) Despite this possibly amounting to waiver of those issues, *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996)[2], the court briefly addresses each objection below. Still, Plaintiffs' objection to the order denying the request to consolidate cases is not argued at all, and therefore the court treats that objection as waived.

---

[2] "We agree with these holdings of our sister circuits, because only an objection that is sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute will advance the policies behind the Magistrate's Act that led us to adopt a waiver rule in the first instance. Therefore, we hold that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review. With one exception, the objections filed by appellants here were not sufficiently specific to preserve any issue for appellate review. *See Lockert v. Faulkner,* 843 F.2d 1015, 1019 (7th Cir. 1988) ('Just as a complaint stating only "I complain" states no claim, an objection stating only "I object" preserves no issue for review.')." *One Parcel of Real Prop.*, 73 F.3d at 1060.

First, Plaintiffs object to the denial of appointment of counsel. (Doc. 45 at 4.) Plaintiffs argue that their objection is "based on the need to correct clear error and prevent manifest injustice." (*Id.*) Plaintiffs claim they are procedurally vulnerable because of "PTSD related" symptoms. (*Id.* at 5.) As the magistrate judge reiterated in a more recent order, this is not a basis for appointment of a counsel. (Doc. 70.) Plaintiff has moved for appointment of counsel several times in this case, and each has been denied. (*Id.*) The court sees no error on the part of the magistrate judge that would justify upsetting those orders.

There is "no constitutional right to appointed counsel in a civil case." *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989). District courts do have discretion to request counsel for an indigent civil party. *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985). The Tenth Circuit has applied a four-factor balancing test when conducting this analysis. A district court should consider: "(1) plaintiff's ability to afford counsel; (2) plaintiff's diligence in searching for counsel; (3) the merits of plaintiff's case . . . [and (4)] plaintiff's capacity to prepare and present the case without the aid of counsel." *Castner v. Colorado Springs Cablevision*, 979 F.2d 1417, 1420-21 (10th Cir. 1992). The magistrate judge found that the first two factors weighed in favor of Plaintiffs. (Doc. 42 at 8.)

That said, this court agrees with the magistrate judge that there are "serious concerns as to the viability of Plaintiffs' claims in federal court." (*Id.*) Despite Plaintiffs' claims having now survived screening the court still shares these concerns. Lastly, the court agrees with the magistrate judge that there is "no basis to distinguish Plaintiffs from the many other untrained individuals who represent themselves pro se on various types of claims in courts throughout the United States in any given day." (*Id.*) "Thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments. The

indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time." *Castner*, 979 F.2d at 1421. And make no mistake about it, unlike in a criminal case, attorneys appointed in a civil case are not paid out of taxpayer funds. In most instances, they are made to work for free. That is one of the main reasons that appointing counsel must be done sparingly, and generally only in cases that have some obvious merit. As a consequence, Plaintiffs' objections are denied.

Finally, the court addresses Plaintiffs' objections to the denial of their request for the magistrate judge to recuse herself. (Doc. 45 at 5.) Plaintiffs allege that the magistrate judge has shown prejudice towards them because she has criticized the length of Plaintiffs' filings while also insisting that Plaintiffs include the relevant information in their amended complaints. (*Id.*) A judge must recuse where "impartiality might reasonably be questioned." 28 U.S.C. § 455 (a). This is an objective inquiry. *United States v. Cooley*, 1 F.3d 985, 992 (10th Cir. 1993.) It "is limited to outward manifestations and reasonable inferences drawn therefrom." *Id.* at 993. Plaintiffs' unhappiness with rulings against them does not demonstrate unfairness or prejudice, and Plaintiffs present no other argument for the magistrate judge's recusal. (Doc. 45 at 5.) As the magistrate judge explained in her order, Plaintiffs' request to recuse stems from disappointment that the magistrate judge has ruled against them on several issues. (Doc. 42 at 6-7.) The court agrees with the magistrate judge that "disagreeing with a party is not a basis for recusal." *Ward v. Wesley Medical Center, L.L.C.*, No. 23-CV-1091, 2024 WL 580149 at *4 (D. Kan. Feb. 13, 2024.)

Plaintiffs also object to the R&R where it recommends that their second amended complaint be dismissed. (Docs. 31, 45, 48.) Plaintiffs' objections to the recommendation of dismissal are OVERRULED as moot because the magistrate judge's R&R was later withdrawn (Doc. 56) as Plaintiffs were granted leave to amend their complaint. *See* (Docs. 56, 57.) As noted

above, Plaintiffs have since filed a third amended complaint. (Doc. 57.) For the same reason, the court also OVERRULES as moot Plaintiffs' objections regarding leave to amend. (Doc. 45.)

Plaintiffs' earlier objection to the magistrate judge's denial of appointment of counsel (Doc. 41), is OVERRULED because it was filed well outside the 14-day window allotted to Plaintiffs to object to the magistrate judge's order. Judge Severson's order was filed on May 29, 2025. (Doc. 20.) Plaintiffs did not file objections until nearly two months later on July 23, 2025. (Doc. 41.) Accordingly, the objection is untimely and OVERRULED.

In light of the foregoing, the court OVERRULES Plaintiffs' objections to the orders of the magistrate judge. (Docs. 41, 45, 48.)

IT IS SO ORDERED. Dated this 21st day of November 2025.

s/ John Broomes
JOHN W. BROOMES
CHIEF UNITED STATES DISTRICT JUDGE