## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

KAREN CAHAIL and RACHEL CAHAIL,

        Plaintiffs,

        v.                             Case No. 25-1016-JWB-BGS

UNITED STATES OF AMERICA, *et al.*,

        Defendants.

## <u>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL</u>

      This matter comes before the Court on Plaintiffs' two Motions for "Reconsideration of Appointment of Counsel and for Accommodation under ADA." (Docs. 79, 81.)  Having reviewed Plaintiffs' motions, the Court **DENIES** their request to reconsider its prior rulings as to their multiple requests for counsel.

      The factual background of this case has been summarized numerous times by the undersigned Magistrate Judge – most recently in the Order denying Plaintiffs' Motion for Order Compelling Address and Motion for Protective Order.  (Doc. 71, at 1-3.)  That factual summary is incorporated by reference and will not be repeated herein.

      Throughout this litigation, Plaintiffs have filed numerous requests for the appointment of counsel in this case.  (*See e.g.*, Docs. 16, 33, 37, 41, 45, 47, 48, 64.)  These requests have been denied by the undersigned Magistrate (Doc. 20, 42, 50, 70) on the basis that Plaintiffs have failed to establish a basis to distinguish themselves from the many other untrained individuals who represent themselves *pro se* on various types of claims in courts throughout the United States.[1]  (*See id.*)

---

[1] The Court notes that the District Court has also overruled Plaintiffs' objection to the undersigned Magistrate Judge's denial of appointment of counsel.  (*See* Doc. 73.)

Plaintiffs again ask the Court – twice (Docs. 79, 81) – to reconsider the Court's prior denial of their request(s) for counsel.

As an initial matter, these two motions seek the same relief and are virtually identical other than the inclusion of ¶ 20 in the "grounds for relief" portion of the second motion.  (*See* Doc. 81, at 4 ("Anybody could find out if they only asked only 3% of pros say that against win their cases in federal court I supposed to 50% when they have representation.  It is clear to me that all prose litigant's [sic] cases are prejudiced.").)[2]  Thus, Plaintiff's first motion to reconsider (Doc. 79) is **DENIED** as moot given that it is repetitive of the second motion (Doc. 81).

Next, the Court is not certain that Plaintiffs truly intended for this request to be framed as a motion to reconsider a prior ruling of the undersigned Magistrate Judge.  Rather, Plaintiffs may have merely intended this to be a <u>renewed</u> motion requesting the appointment counsel.

To the extent Plaintiffs are seeking reconsideration of a prior Order, the motion was not filed in a timely manner as required by D. Kan. Rule 7.3.  Per that Rule, a party seeking reconsideration of a court Order "must file a motion within <u>14 days after the order is served</u> unless the court extends the time."  *Id.* (emphasis added).  The Court's most recent Order denying the request for counsel was entered on November 14, 2025 (Doc. 70) and Plaintiff Karen Cahail (who filed the motions at issue) received email notice via CMECF notification on that date.  This means any request to reconsider was due fourteen days later – on or before November 28, 2025.  The present motions were not filed until December 4 and 5, 2025 (Docs. 79, 81), making them untimely.  Again, however, because Plaintiffs are representing themselves *pro se*, the Court will consider the

---

[2] Plaintiffs' second motion also has a supporting "memorandum" (Doc. 82), although there is nothing in that filing that provides a new substantive basis for the Court to grant the motion.  While that memorandum mentions Plaintiff Rachel Cahail's "sudden refusal to communicate" (*id.*, at 2), this personal matter is not an issue that requires the involvement of an attorney.

motion to be a renewed motion requesting appointment of counsel and will analyze it on its substantive merits.

The Court has included the legal standards for requests for the appointment of counsel in numerous prior Orders, most recently in its written Order of August 12, 2025. (*See* Doc. 50, at 2-4.) Those legal standards are incorporated herein by reference.

The Court has previously indicated that there is no constitutional right to have counsel appointed in civil cases such as this one. *Beaudry v. Corr. Corp. of Am.*, 331 F.3d 1164, 1169 (10th Cir. 2003). The Court again acknowledges Plaintiffs cannot afford to hire counsel, the first of Plaintiffs' "grounds for relief" in their present motion. (Doc. 81, at 2, "grounds for relief" ¶ 1.) While this weighs in favor of Plaintiffs' request, the Court has already explained that this is not a sufficient basis, by itself, to appoint counsel. (*See* Doc. 42, at 9.) The Court also acknowledges Plaintiffs' attempts to obtain counsel. (Doc. 81, at 2, "grounds for relief" ¶ 2.)

The Court previously found that Plaintiffs' concerns regarding the complexity of this case do not justify the appointment of counsel. (*See* Doc. 50, at 3.) Paragraphs 3-20 of Plaintiffs' "grounds for relief" (as well as the information contained in the paragraphs 1-3 of the prior section of Plaintiffs' motion (Doc. 81, at 1-2)) are consistent with Plaintiffs' prior concerns regarding the complexity of this case. The Court, however, again finds that Plaintiffs' case is not unusually complex in comparison to litigants who represent themselves *pro se* in federal cases on a regular basis. *See e.g. Cox*, 924 F. Supp. 2d 1269 (denying the appointment of counsel in a case alleging §1983 claims for violation of right to medical care as pretrial detainee under the 14th Amendment, deliberate indifference in rejecting a medical request, official custom or policy permitting denial of medical request, and related state tort claims); *McLain v. Sedgwick Co. Sheriff's Office*, No. 25-4036-JWB-BGS, 2025 WL 1696525, at *2-3 (D. Kan. June 17, 2025) (denying the appointment of counsel in a case wherein the *pro se* plaintiffs contend there were "complex federal civil rights claims

involving multiple government entities, systematic violations of constitutional and statutory rights, and an alleged pattern of racketeering activity designed to suppress Plaintiffs' federally protected rights under the ADA and Fair Housing Act").

One potentially new "grounds for relief" contained in Plaintiffs' motion is the assertion by Plaintiff Karen Cahail that her

> personal capacity has been drastically reduced by new medical emergencies. As of November 24, 2025, Plaintiff's mother requires a bone marrow biopsy for potential leukemia, and Plaintiff is her sole caregiver. Simultaneously, Plaintiff's ex-husband, who suffers from cancer and requires oxygen, lost his caregiver to incarceration, forcing Plaintiff to assume some of his care as well.

(Doc. 81, at 2.) The Court sympathizes with these burdens faced by Plaintiff. That stated, the Court anticipates that many, if not virtually all, *pro se* litigants currently representing themselves in federal Court face their own burdens and responsibilities as well. This is not a sufficient basis for the Court to distinguish Plaintiff from these other *pro se* litigants.

Plaintiff Karen Cahail also mentions her "severe chronic PTSD" as well as other physical impairments. Her allegations of PTSD have been previously addressed in the context of a request for counsel. (See Doc. 50, at 4.) While the Court is sympathetic to Plaintiff's mental and physical health, it again notes that courts in this District have frequently held that allegations of PTSD are not a sufficient basis for the appointment of counsel. *Buffalohead v. Cook*, NO. 24-3035-JWL, 2024 WL 4286245 (Sept. 25, 2024); *George v. Payne-Delano*, No. 24-2132-JWL, 2024 WL 3826124 (D. Kan. Aug 14, 2024); *Sheilds v. Cline*, No. 20-3077-SAC, 2020 WL 2557852 (May 20, 2020).

The Court further finds that Plaintiff's other noted physical impairments (degenerative disc disease with stenosis, osteoarthritis, and bone spurring) do not establish a valid basis for the appointment of counsel as they do not impact her cognitive ability to represent herself. *See McLain v. Sedgwick Co. Sheriff's Office*, No. 25-4036-JWB-BGS, 2025 WL 1696525, at *2-3 (D. Kan. June 17, 2025) (where *pro se* plaintiff alleged to suffer from Traumatic Brain Injury (TBI), stroke-related

4

cognitive impairment, and encephalomalacia, in addition to PTSD)).  Simply stated, "the type of assistance Plaintiff's [physical condition] may require does not necessitate a law degree. *Nyanjom v. Hawker Beechcraft, Inc.*, No. 12-1461-JAR-KGG, 2013 WL 3967971, at *2 (D. Kan. Aug. 1, 2013) (holding that blindness does not *per se* entitle a *pro se* plaintiff to appointment of counsel).

In short, while the Court does not doubt that a trained attorney would handle the matter more effectively, the Court <u>again</u> finds no basis to distinguish Plaintiffs from the many other untrained individuals who represent themselves *pro se* on various types of claims in courts throughout the United States on any given day.  There is no manifest injustice to Plaintiffs from the denial of their request for counsel.  As such, Plaintiffs' Motion for Appointment of Counsel (Doc. 81) is **DENIED**.

Finally, the Court notes that these two most recent motions cumulatively constitute at least <u>eleven</u> times that Plaintiffs' have moved the Court for the appointment of counsel in this case (including Plaintiffs' objection to the District Court), with each such request being summarily denied.  Plaintiffs are informed that <u>additional such motions that merely reiterate conditions previously addressed by the Court and/or raise circumstances that previously could have been brought to the Court's attention will be summarily denied by the Court</u>.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motions for Reconsideration (Docs. 79, 81) are **DENIED** for the reasons set forth above.

**IT IS SO ORDERED.**

Dated December 10, 2025, at Wichita, Kansas.

/s/Brooks G. Severson
Brooks G. Severson
United States Magistrate Judge

5