UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KAREN CAHAIL and RACHEL CAHAIL,

   Plaintiffs,

   v.                                                    Case No. 25-1016-JWB-BGS

UNITED STATES OF AMERICA, *et al.*,

   Defendants.

### MEMORANDUM AND ORDER

This matter comes before the Court on *pro se*[1] Plaintiffs' most recent spate of motions seeking leave to supplement their Complaint "regarding service for Suing Social Security employees in their individual capacities" (Doc. 109), to supplement their Complaint "clarifying suing individual capacities" and again request counsel (Doc. 110), to supplement her Complaint regarding fraud (Doc. 119), "to file supplement to list government agencies that were complicit in the crimes" against her decedent son (Doc. 120), and "request to have the Kansas Healthcare Stabilization Fund and Kansas Board of Healing Arts served" (Doc. 125). Plaintiffs also ask to have Defendants David Braverman and Leif Leaf served at business addresses. (Doc. 109-1.) The Federal Defendants[2] have responded in opposition to Docs. 109 and 110. The Court finds that a reply brief from Plaintiff would not assist the Court's analysis. For the reasons set forth herein, each of Plaintiffs' motions are **DENIED**.

The Court has summarized the factual background, procedural history of this case, and substance of Plaintiffs' claims in numerous prior Orders, the Order denying Plaintiffs' Motion for

---

[1] Plaintiffs proceed *pro se*. The Court construes their filings liberally and holds them to a less stringent standard than trained lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court does not, however, assume the role of advocate for the *pro se* litigant. *Hall*, 935 F.2d at 1110.
[2] The Federal Defendants consist of the United States of America, the Social Security Administration (hereinafter "SSA"), Frank Bisignano as Commissioner of the SSA, Michael R. Dayton, and Tony Esparza.

Order Compelling Address and Motion for Protective Order. (Doc. 71, at 1-3.) That factual summary is incorporated by reference and will not be repeated herein.

The present motions filed by Plaintiff Karen Cahail request various types of relief and overlap with each other in part. As such, the Court will address the requests by topic rather than analyze each motion separately.

I.      **Request to Serve Defendants Braverman and Leaf at Alternate Address (Doc. 109-1).**

In the attachment to Plaintiff's Request for Leave to Supplement Complaint "Regarding Service for Suing Social Security Employees in their Individual Capacities" (Doc. 109), Plaintiff asks to have Defendants David Braverman and Leif Leaf served at business addresses. (Doc. 109-1.) As to Braverman, Plaintiff asks for service to be made as to his official capacity at Disability Determination Services (120 SW 10th Ave., Topeka, KS 66612) and the Social Security Administration, Office of the General Counsel (601 E 12th St., Room 535, Kansas City, MO 64106). As to Defendant Leaf, Plaintiff asks for service to be made as to his individual capacity at Professional Association, Attn: Dr. Leif Leaf or Jacqueline Pfeiffer (registered agent) (3515 S 4th St., Suite 101, Leavenworth, Kansas 66048) and as to his official capacity, at Disability Determination Services (120 SW 10th Ave., Topeka, KS 66612) and Professional Association, Attn: Dr. Leif Leaf or Jacqueline Pfeifer (registered agent) (3515 S 4th St., Suite 100, Leavenworth, KS 66012). (Doc. 109-1, at 3-4.)

Service in a federal action is governed by Federal Rule of Civil Procedure 4. Even though Plaintiffs are proceeding *pro se*, they are still "obligated to follow the requirements of Fed.R.Civ.P. 4." *DiCesare v. Stuart*, 12 F.3d 973, 980 (10th Cir.1993). *See also Bell v. Board of Educ.*, 645 F. Supp. 3d 1177, 1182 (D. Kan. 2022) (holding that even *pro se* litigants have the "burden … to make a *prima facie* showing of sufficient service of process).

Service on individuals such as Defendants Braverman and Leaf within a judicial district of the United States is governed by Rule 4(e). This subsection states that

> [u]nless federal law provides otherwise, an individual … may be served in a judicial district of the United States by:
>
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
> (A) delivering a copy of the summons and of the complaint to the individual personally;
>
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

Under Kansas state law, methods for service of process upon individuals are governed by Kan. Stat. Ann. § 60-303. Subsection (c) of the statute provides that service may made by "return receipt delivery, which is effected by certified mail, priority mail, commercial courier service, overnight delivery service or other reliable personal delivery service to the party addressed, in each instance evidenced by a written or electronic receipt showing to whom delivered, the date of delivery, the address where delivered and the person or entity effecting delivery." Kan. Stat. Ann. § 60-303(c). Personal and residence service is governed by subsection (d) of the statute, which provides that

> (1) A party may file with the clerk a written request for personal service or, in the case of service on an individual, for residence service.
>
> (A) Personal service is effected by delivering or offering to deliver a copy of the process and [Complaint] or other document to the person to be served.

3

> (B) Residence service on an individual is effected by leaving a copy of the process and [Complaint] or other document at the <u>individual's dwelling or usual place of abode</u> with someone of suitable age and discretion who resides there.
>
> (C) If personal or residence service cannot be made on an individual, other than a minor or a disabled person, service is effected by <u>leaving a copy of the process and [Complaint] or other document at the individual's dwelling or usual place of abode and mailing to the individual by first-class mail, postage prepaid, a notice that the copy has been left at the individual's dwelling or usual place of abode</u>.

Kan. Stat. Ann. § 60-303(d) (emphasis added).

Also relevant is Kan. Stat. Ann. § 60-304, which governs on whom service of process may be made. Service on an individual (who is not disabled or a minor) is had by

> serving the individual or by serving an agent authorized by appointment or by law to receive service of process. If the agent is one designated by statute to receive service, such further notice as the statute requires must be given. Service by return receipt delivery must be addressed to an individual <u>at the individual's dwelling or usual place of abode</u> and to an authorized agent at the agent's usual or designated address. If the sheriff, party or party's attorney files a return of service stating that the <u>return receipt delivery to the individual at the individual's dwelling or usual place of abode was refused or unclaimed and that a business address is known for the individual</u>, the sheriff, party or party's attorney <u>may complete service by return receipt delivery, addressed to the individual at the individual's business address</u>.

Kan. Stat. Ann. § 60-304(a) (emphasis added).

As to Defendant Braverman, Plaintiff Karen Cahail states that he "has been served but I don't know if he has been in his individual capacity or his official capacity. If he was served in his official capacity then he needs to be served in his individual capacity. If he was served in his individual capacity he needs to be served in his official capacity." (Doc. 109-1, at 3.) As to Defendant Leaf, she indicates that he has yet to be served and she asks to serve him at his professional address because "he has been difficult to serve at home" and serving him at his "professional office is the next legal step [f]or serving him in his individual capacity." (*Id.*, at 4.)

Alias summonses were issued as to Defendants Braverman and Leaf on December 4, 2025. (Text entry, 12/4/25.) The summons for Defendant Braverman was returned executed with an answer deadline of January 5, 2026. (*See* Doc. 90.) Thus, it would appear to the Court that Defendant Braverman has been served. Thus Plaintiffs' request regarding service on Defendant Braverman is **DENIED as moot**.

The alias summons for Defendant Leaf was mailed by first class mail on December 10, 2025, and returned unexecuted on January 23, 2026. (*See* Doc. 116.) That stated, the summons for Defendant Leaf that was mailed to Disability Determination Services on November 12, 2025, was returned executed and delivered as of November 24, 2025. (*See* Doc. 114.) Defendant Leaf was given a deadline of December 5, 2025, by which to respond to Plaintiffs' Complaint. (*Id.*) As such, Plaintiffs' request regarding service on Defendant Leaf is also **DENIED as moot**.

II.     **Request for Counsel (Doc. 110).**

As an initial matter, the Court reiterates that Plaintiffs have previously filed numerous requests for the appointment of counsel in this case. (*See e.g.*, Docs. 16, 33, 37, 41, 45, 47, 48, 64, 79, 81.) These requests have all been specifically denied by the undersigned Magistrate (Doc. 20, 42, 50, 70, 83) on the basis that Plaintiffs have failed to establish a basis to distinguish themselves from the many other untrained individuals who represent themselves pro se on various types of claims in courts throughout the United States. (See *id.*) The Court notes that the District Court has also overruled Plaintiffs' objection to the undersigned Magistrate Judge's denial of appointment of counsel. (See Doc. 73.)

In their motion at Doc. 110, Plaintiffs <u>again</u> request that the Court appoint counsel. Plaintiff Karen Cahail <u>again</u> refers to her PTSD and depression as the basis for her request. (Doc. 110, at 2.) This is not new information for the Court. (*See* Doc. 50, at 4, and 83, at 4.) The reiterates its sympathy for Plaintiff's mental and physical health, but again notes that courts in this District have

5

frequently held that allegations of PTSD are not a sufficient basis for the appointment of counsel. *Buffalohead v. Cook*, NO. 24-3035-JWL, 2024 WL 4286245 (Sept. 25, 2024); *George v. Payne-Delano*, No. 24-2132-JWL, 2024 WL 3826124 (D. Kan. Aug 14, 2024); *Sheilds v. Cline*, No. 20-3077-SAC, 2020 WL 2557852 (May 20, 2020).  Plaintiffs' request for counsel (Doc. 110) is **DENIED**.

III.     **Request for Leave to Supplement Complaint "Regarding Service for Suing Social Security Employees in their Individual Capacities" (Doc. 109) and Request to Supplement Complaint "Clarifying Suing Individual Capacities" (Doc. 110).**

The Court will construe these motions as requests to amend the Complaint.  In the first of these motions, Plaintiff Karen Cahail states:

> 2.  IF my complaint did not sufficiently make it clear that I am suing the individuals listed both in their official capacities and in their individual capacity let me make that clear now.
>
> 3.  The actions of the people that I mentioned individually (Michael R. Dayton, Tony Esparza, Dr. David Braverman and Leif Leaf PhD psychologist) were Unconscionable.

(Doc. 109, at 1-2.)[3] The Court notes that Plaintiff's Second Amended Complaint stated that Plaintiffs were suing "Administrative Law Judge Michael R. Dayton ('both personally and in his official capacity'), 'disability determination services examiner' Tony Esparza ('both personally and in his official capacity'), Dr. David Braverman ('both personally and in his official capacity'), and Dr. Leif Leaf ('both personally and in his official capacity') … ."  (Doc. 25, at 9.)  While there is no distinction as to individual vs. official capacity in Plaintiffs' Third Amended Complaint (*see* Doc. 57, at 2), which is the operative pleading in this case, the Court finds it unnecessary for Plaintiff to make that distinction herein.

The Federal Defendants argue that "Plaintiffs' attempts to supplement their claims and clarify that that they are suing the defendants in their individual capacities should be denied on the basis of futility because their claims fail as a matter of law under any guise."  (Doc. 123, at 6.)  A

---

[3] The request for leave to supplement in Doc. 110 is duplicative of Doc. 109 and will not be discussed separately.

court is justified in denying a motion to amend as futile if the non-movant establishes that the proposed amendment could not withstand a motion to dismiss or otherwise fails to state a claim. *Ketchum v. Cruz*, 961 F.2d 916, 920 (10th Cir. 1992); see 6 Wright, Miller & Kane, FEDERAL PRACTICE AND PROCEDURE § 1487 at 642 (1990). Because the Federal Defendants currently have a motion to dismiss pending before the District Court (Doc. 117), the undersigned finds that the current requests to supplement contained in Docs. 109 and 110 should be **DENIED, without prejudice to refiling, if necessary**, after the District Court rules on the current Motion to Dismiss.

### IV.     Request to Supplement her Complaint Regarding Fraud (Doc. 119).

Plaintiff's motion contends that

> Social Security employees are violating my civil rights my committing fraud to give me an overpayment that is not valid and taking money out of my check, not applying all of the money that they take out of my check to the overpayment or whatever valid in the first place, I need you to the overpayment without cause, and they withheld money from me for SSI benefits that I never received because I was never on SSI.

(Doc. 119, at 2.)

In the proposed Amended Complaint, which is attached to the motion, it appears that the events giving rise to this amendment occurred in 2011, 2018, 2020, 2021, 2025, etc. (Doc. 119-1, at 2-5.) Plaintiff Karen Cahail alleges that she "uncover[ed]" certain "evidence on January 8, 2026 (*see id.*, at 5), but the events underlying the allegedly newly discovered evidence clearly occurred well before that. She does not indicate how or why she "uncovered" such allegedly new evidence, nor does she indicate how or why she could not have been aware of it previously.

Further, the facts specifically included in the proposed amended pleading under Plaintiffs' requested fraud claim are almost entirely from 2018. (Doc. 119-1, at 8-10.) The most recent factual allegation is that in

> July 13 2025 I get a letter from the western program service center telling me that because I didn't catch their fraud soon enough the decision has become final.
>
> THE SOCIAL SECURITY ADMINISTRATION IS TRYING TO SAY YOU DIDN'T CATCH MY FRAUD SOON ENOUGH SO NOW I HAVE THE RIGHT TO KEEP ON DEFRAUDING YOU OF YOUR MONEY UNDER COLOR OF LAW. THAT IS IN NO WAY JUST!!!!!!

(*Id.*, at 11.)

In addition to potential statute of limitations issues, which the Court finds unnecessary to address herein, Plaintiff's requested amendment is denied because she failed to include these historical allegations and this potential cause of action in the prior versions of her Complaint. "A party is typically granted leave to amend under this rule unless there is 'a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendment previously allowed, or futility of amendment.'" *Enneking v. Schmidt Builders Supply Inc.*, 917 F. Supp.2d 1200, 1205 (D. Kan. 2013) (quoting *Duncan v. Manager, Dep't of Safety, City & Cnty. of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005)).

Undue delay in bringing a motion to amend is a sufficient basis for denial, even without undue prejudice to the opposing party. *Id.* (citation omitted). The Tenth Circuit has held that a finding of undue delay is appropriate "when the party filing the motion has no adequate explanation for the delay." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006). It is also appropriate to deny a motion to amend if the party seeking amendment "knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original [or in this instance, prior] complaint." *Cuenca v. Univ. of Kan.*, 205 F.Supp.2d 1226, 1230 (D. Kan. 2002).

Further, it is inappropriate for a plaintiff to use Fed. R. Civ. P. 15 to make the complaint "a moving target" to "salvage a lost case by untimely suggestion of new theories of recovery" or to present "theories seriatim" to attempt to avoid dismissal. *Minter*, 451 F.3d at 1206 (quoting *Viernow*

8

*v. Euripides Dev. Corp.*, 157 F.3d 785, 800 (10th Cir.1998); *Hayes v. Whitman*, 264 F.3d 1017, 1027 (10th Cir.2001); *Pallottino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (10th Cir.1994); *Walters v. Monarch Life Ins. Co.*, 57 F.3d 899, 903 (10th Cir.1995)). "While liberality of amendment is important, it is equally important that 'there must be an end finally to a particular litigation.'" *Enneking*, 917 F. Supp. 2d at 1205 (quoting *Pallottino*, 31 F.3d at 1027). For these reasons, Plaintiffs' "Request for Leave to Add Supplement for Fraud" (Doc. 119) is **DENIED**.

V.   **"Request to File Supplement to List Government Agencies that were Complicit in the Crimes" against the Decedent (Doc. 120)**.

In this final motion, which consists of two sentences plus 11 pages of attachments, Plaintiff Karen Cahail requests "to file a supplement she lost the government agencies that were complicit in the crimes against" Decedent. (Doc. 120, at 1.) She continues that "[i]f the Department of Justice is being brought in review the case for a review then they should know about the people who are complicit." (*Id.*)

The attachments to the motion include allegations dated in 2023 and 2024. (Doc. 120-2, at 2-6; Doc. 120-3.) This motion is **DENIED** for the same reasons discussed regarding Doc. 119, *above*, in that Plaintiff "no adequate explanation for the delay" in including this information in the prior iterations of her Complaint. *Minter*, 451 F.3d at 1206. She clearly knew or should have known "of the facts upon which the proposed amendment is based but fail[ed] to include them in the original [or in this instance, prior] complaint." *Cuenca*, 205 F.Supp.2d at 1230 (D.Kan.2002).

VI.  **"Request to have the Kansas Healthcare Stabilization Fund and Kansas Board of Healing Arts Served"  (Doc. 125.)**

Plaintiffs have also filed their "Request to have the Kansas Healthcare Stabilization Fund and Kansas Board of Healing Arts Served." (Doc. 125.) In this very succinct motion, Plaintiff Karen Cahail states only that she "need[s] to serve the Kansas Healthcare Stabilization Fund and the Kansas Board of Healing Arts for medical malpractice, so I am requesting service to these agencies"

9

and that "[n]aturally, I've been advised not to wait and instead send a copy myself via certified mail, so that's what I plan to do." (*Id.*, at 1.)

Service of process is governed by Fed. R. Civ. P. 4. This rule clearly contemplates only service on a defendant, as a party to a lawsuit. Neither the Kansas Healthcare Stabilization Fund nor the Kansas Board of Healing Arts are parties to this litigation. They are not named Defendants. As such, it would be inappropriate to serve these nonparties herein.

There is nothing before the Court requesting leave to add these entities as parties to this litigation. Further, the Court would be unlikely to entertain such a motion. As stated above, it is appropriate to deny a motion to amend if the party seeking amendment "knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original [or in this instance, prior] complaint." *Cuenca*, 205 F.Supp.2d at 1230. Plaintiffs filed the present lawsuit over a year ago. (*See* Doc. 1.) There is no indication that Plaintiffs were wholly unaware of the alleged involvement of these entities at the time the original Complaint (Doc. 1) was filed or at the time of any of Plaintiffs' numerous prior requests to amend the Complaint. Plaintiffs' motion (Doc. 125) is, therefore, **DENIED**.

**IT IS THEREFORE ORDERED** that Plaintiffs' motions (Docs. 109, 110, 119, 120, and 125) are **DENIED**.

**IT IS FURTHER ORDERED** that as to Plaintiffs' request to serve Defendants Braverman and Leaf at alternate address (as contained in Doc. 109-1), the same is **GRANTED**.

**IT IS SO ORDERED.**

Dated January 30, 2026, at Wichita, Kansas.

/s/ Brooks G. Severson
Brooks G. Severson
United States Magistrate Judge